IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 06–CR-30146-1-NJR |
| | ) |
| BYRON BLAKE, | ) |
| | ) |
| Defendant. | ) |

# ORDER

**ROSENSTENGEL, District Judge:**

Defendant Byron Blake filed a *pro se* motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the United States Sentencing Guidelines (Doc. 205). Assistant Federal Public Defender Thomas Gabel voluntarily entered his appearance on behalf of Defendant Blake (Doc. 206). Mr. Gabel has now moved to withdraw claiming that Defendant Blake is ineligible for a sentence reduction under Amendment 782 because his guideline range does not change (Doc. 207). Defendant Blake was given an opportunity to respond to Mr. Gabel's motion to withdraw (Doc. 208), and he did so (Doc. 209).

A district court has the authority to modify a sentence where a defendant was sentenced to a term of imprisonment based on a guideline range that was subsequently lowered as a result of an amendment to the United States Sentencing Commission Guidelines Manual. 18 U.S.C. § 3582(c)(2); U.S. SENTENCING GUIDELINES MANUAL § 1B1.10(a)(1). A reduction is not authorized, however, if the amendment does not have the effect of lowering the defendant's applicable guideline range. GUIDELINES MANUAL § 1B1.10(a)(2)(B). Amendment 782, which became effective on November 1, 2014, modified

the Drug Quantity table in § 2D1.1 of the Guidelines Manual. It reduced by two levels the offense level assigned to drug quantities, resulting in a lower guideline sentencing range for most federal drug trafficking offenses.

Unfortunately for Defendant Blake, Amendment 782 does not reduce his applicable guideline range. At the time of sentencing, the sentencing court determined that Blake's offense level was 44 (but reduced to 43 because the offense level cannot exceed 43), and his criminal history was III, which resulted in a guideline range of 360 months to life (Doc. 157). Under Amendment 782, Blake's offense level is reduced to 42, and his criminal history remains III, which results in a guideline range of 360 months to life. Because Amendment 782 does not reduce his applicable guideline range, a sentence reduction under § 3582(c)(2) is not authorized.

In his response to Mr. Gabel's motion to withdraw, Defendant Blake challenges the drug quantity used to compute his original base offense level. Blake unsuccessfully made this argument on appeal, and the Seventh Circuit upheld the sentencing court's estimate of drug quantity and the offense-level calculation (Doc. 181). The Court does not have the authority to revisit those findings.

For these reasons, Mr. Gabel's Motion to withdraw (Doc. 207) is **GRANTED**. Defendant Blake's motion for a sentence reduction (Doc. 205) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:**   **March 16, 2015**

s/ Nancy J. Rosenstengel
**NANCY J. ROSENSTENGEL**
**United States District Judge**