IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 06–CR-30146-1-NJR |
| ) | |
| ) | |
| BYRON BLAKE, ) | |
| ) | |
| Defendant. ) | |

# ORDER

**ROSENSTENGEL, District Judge:**

Eight years ago, Defendant Byron Blake was convicted by a jury on all three federal drug charges contained in the superseding indictment (Docs 116-121). He was later sentenced to 360 months' imprisonment, and final judgment was entered (Docs. 152, 156). His conviction and sentence were affirmed on appeal to the Seventh Circuit (Doc. 181). Following Mr. Blake's direct appeal, he filed a motion for relief under 28 U.S.C. § 2255 (Case No. 09-cv-555). His § 2255 petition was denied, and the denial was affirmed on appeal on July 25, 2013 (Case No. 09-cv-555; Docs. 21, 33).

Approximately a year later, Mr. Blake filed a document titled "Petition for Redress of Grievances - Opportunity to Cure" (Doc. 203). Mr. Blake claims that the district court, the Seventh Circuit Court of Appeals, and the Supreme Court of the United States have conspired against him and violated his constitutional rights (Doc. 203, p. 1). He filed this same "Petition" in all three courts to give each court "an opportunity to correct their conduct" (*Id.*). Mr. Blake seeks to have his criminal case dismissed, or a retrial, or an order for release (*Id.* at p. 5).

It appears to the Court that Mr. Blake is asking for an entirely new look at the validity of his conviction and sentence. The Court does not have jurisdiction to do so. "District courts have limited power to revisit sentences after they are imposed." *United States v. Goode*, 342 F.3d 741, 743 (7th Cir. 2003). Because Mr. Blake has already been sentenced, the Court can only hear related issues as authorized by statute or rule. *Id.* (citing *Carlisle v. United States*, 517 U.S. 416 (1996)). Mr. Blake does not cite any case law or statute which can serve as a jurisdictional basis for his "Petition." The Court's own review of the applicable law makes clear that all of the potential avenues to challenge his conviction and sentence are foreclosed. Mr. Blake cannot seek a new trial under Rule 33 because his request is well past the fourteen-day deadline for motions not based on newly-discovered evidence. FED. R. CRIM. P. 33(b). And, as previously mentioned, he has already taken a direct appeal and sought collateral review of his conviction and sentence. To the extent that this "Petition" could be considered a second or successive § 2255 motion, it would first have to be authorized by the Seventh Circuit Court of Appeals, 28 U.S.C. § 2244(b)(3)(A), and Mr. Blake has not been granted such authorization.

Accordingly, the "Petition for Redress of Grievances - Opportunity to Cure" (Doc. 203) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:   April 8, 2015**

s/ Nancy J. Rosenstengel
**NANCY J. ROSENSTENGEL**
**United States District Judge**
