IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 3:06-CR-30146-NJR-1 |
| BYRON BLAKE, | |
| Defendant. | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is Defendant Byron Blake's Motion to Reduce Sentence (Doc. 236) pursuant to the First Step Act of 2018. Blake asks the Court to find him eligible for a sentence reduction following the retroactive application of the Fair Sentencing Act of 2010, as set forth in the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018).

### FACTUAL & PROCEDURAL BACKGROUND

In March 2007, Blake was charged by way of superseding indictment (Doc. 100) with one count of conspiracy to distribute and possess with the intent to distribute fifty or more grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 846 (Count 1), one count of distribution of fifty or more grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) (Count 2), and one count of distribution of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count 3). After a trial where Blake represented himself, a jury convicted him on all three counts (Docs. 116–118). The jury also returned two special verdicts against Blake finding fifty grams or more of cocaine

base involved in Counts 1 and 2 (Docs. 119, 121).

At sentencing in July 2007, the District Judge[1] adopted the presentence report ("PSR") and found that Blake had an offense level of 43 and a criminal history category of III (Doc. 152). His U.S. Sentencing Guidelines ("Guidelines") range for Counts 1 and 2 was life imprisonment (*Id.*). His Guidelines range for Count 3 was thirty years (*Id.*). The total amount of cocaine base used as the relevant conduct for the Guidelines was calculated to be thirteen kilograms (Doc. 153 at 6).[2] At sentencing, the District Judge reasoned a life sentence for Blake would be too harsh and that a downward variance from the Guidelines was appropriate. *Id.* at 338. The Court sentenced Blake to 420 months' imprisonment on Counts 1 and 2 and 360 months on Count 3, all terms running concurrently (Doc. 156). The Court additionally sentenced Blake to ten years supervised release on Counts 1 and 2 and six years of supervised release on Count 3, all terms running concurrently (*Id.*).

Blake subsequently filed a *pro se* motion for relief based on retroactive cocaine amendments to the Guidelines under 18 U.S.C. § 3582(c) in November 2011, which the Court denied (Doc. 197, 202). He then sought relief under Amendment 782 to the Guidelines (Doc. 205). The Court found that Blake was not eligible for relief and denied this request as well (Doc. 218). In April 2019, Blake filed a *pro se* motion to reduce sentence

---

[1] Blake was sentenced by District Judge G. Patrick Murphy, who retired in December 2013. The case was then transferred to the undersigned in 2014 (Doc. 204).
[2] The United States Court of Appeals for the Seventh Circuit later determined that while the Court's adoption of thirteen kilograms of cocaine base was flawed, a reasonable estimate in drug quantity still met the one-and-a-half-kilogram threshold in the drug quantity chart used in the PSR and by the Court to find his base offense level under the Guidelines. *United States v. Blake*, 286 F. App'x 337, 340 (7th Cir. 2008).

under Section 404 of the First Step Act, in which he argued that he is eligible for consideration of a reduction in his total sentence (Doc. 228). David Brengle then filed a notice of appearance to represent Blake (Doc. 230). In June 2019, Blake filed a motion for status requesting communication from his appointed counsel (Doc. 231). The next month, Blake filed a motion to remove and waiver of counsel and move forward *pro se* (Doc. 234). Blake also filed a motion to supplement pursuant to Section 404 of the First Step Act on the same day (Doc. 235).

Blake next filed an amended motion for a sentencing reduction under the First Step Act through counsel in October 2019 (Doc. 236). Blake set forward the argument that he is eligible for consideration of a reduced sentence due to his original conviction being a covered offense under the First Step Act (Doc. 236 at 4). Due to his eligibility, Blake argued his sentence should be reduced because his Guidelines range decreases when his base offense level is recalculated (*Id.* at 5). Under § 2D1.1(c)(2) of the current Guidelines, using the thirteen kilograms calculated for relevant conduct at sentencing results in a total offense level of 42 (after a four-level increase for leadership and two-level increase for obstruction of justice), which would result in a change of his Guidelines range from life to 360 months to life (*Id.*). Further, Blake argued that the use of the one-and-a-half kilogram threshold that was discussed on appeal as the actual reasonable estimate of drug weight for sentencing would result in a total offense level of 36—with a new Guideline range of 292 to 365 months (*Id.* at 6).

Later that month, the proceedings were stayed pending the Seventh Circuit's resolution of several cases on appeal (Doc. 240). In April 2020, the Seventh Circuit handed

down its decision in *United States v. Shaw*, 947 F.3d 734 (7th Cir. 2020), ruling as to whether certain offenses were "covered offenses" under the First Step Act. Following the decision, Blake filed a motion for summary judgment regarding his amended motion to reduce sentence under the First Step Act (Doc. 244). The Government also filed its response to Blake's amended motion to reduce sentence (Doc. 246). In its response, the Government argued that, despite being eligible, the Court should deny any reduction to Blake's sentence (Doc. 246 at 8). The Government identified several factors that, under a § 3553(a) analysis, support the conclusion that the current sentence of 420 months is reasonable and appropriate (Doc. 246 at 11).

## LEGAL STANDARD

Section 404 of the First Step Act makes the provisions of the Fair Sentencing Act of 2010 retroactive to defendants who committed their offenses and were sentenced before August 3, 2010. *See* First Step Act, § 404. The Act gives district courts discretion to reduce a defendant's sentence for a cocaine base offense as if the sections of the Fair Sentencing Act were in effect at the time the defendant's offense was committed. *Id.*

Section 404 of the First Step Act provides, in relevant part:

(a) DEFINITION OF COVERED OFFENSE.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010.

(b) DEFENDANTS PREVIOUSLY SENTENCED.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed.

> (c) LIMITATIONS.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

Accordingly, defendants who were convicted before August 3, 2010 of a cocaine base offense for which the Fair Sentencing Act reduced their statutory penalties are now eligible for consideration of a reduced sentence. *Id.* Whether to reduce the sentence of an eligible defendant is left to the sentencing court's discretion. *Id.*

In determining whether a defendant is eligible for a reduced sentence, "a court needs only to look at a defendant's statute of conviction, not the quantities of crack involved in the offense." *United States v. Shaw*, 957 F.3d 734, 735 (7th Cir. 2020). If an offense was modified by the Fair Sentencing Act, that defendant is eligible "to have the district court consider whether to reduce the previously imposed term of imprisonment." *Id.* In making its decision to reduce a sentence or not for eligible defendants, a district court must assure the Appellate Court that it relied upon the record and considered the parties' arguments. *Id.* at 740. Further, there is nothing in the First Step Act that precludes a district court from considering relevant post-sentencing conduct. *See id.* at 741 (ruling that nothing prevented the district court from taking into consideration the defendant's arguments, which included an argument that his post-sentence conduct should be considered).

## ANALYSIS

Blake's motion claims that he is eligible for a reduced sentence under the First Step Act because the Court imposed the original sentence on Counts 1, 2, and 3 for a covered offense. Blake was convicted of cocaine base offenses before August 3, 2010, and the penalty for those crimes had been modified by the Fair Sentencing Act as a whole. *See Shaw*, 947 F.3d at 739. Thus, Blake is eligible for consideration to have his sentence reduced under the First Step Act.

Blake advanced several arguments in support of a sentencing reduction. He first argued that even using the flawed thirteen-kilogram drug quantity figure from his original sentencing, his Guidelines range would be reduced. Using this quantity results in a total offense level of 42 and a new Guidelines range of 360 months to life imprisonment. Blake then used what he claims is the reasonable estimate of one-and-a-half kilograms from the Seventh Circuit's opinion to calculate a total offense level of 36 and a Guideline range of 292 to 365 months.[3] Blake further points to the original sentencing Court, noting that the District Judge stated that he did not want Blake to die in jail when he chose to deviate downwards from the Guidelines range of life imprisonment to sentence Blake to 420 months. Finally, Blake argues his post-sentence conduct should be considered. Blake has amassed 487 hours of educational

---

[3] Blake argued in his original *pro se* First Step Act motion that recalculation results in a base offense level of 26, not 36, and with the enhancements, he argues his sentence should be 151 months due to having a total score of 32. Blake forgets the relevant conduct presented at sentencing for Guidelines purposes as corrected by the Seventh Circuit under a reliability and accuracy standard. *See Blake*, 286 F. App'x at 339 (quoting U.S.S.G. § 6A1.3(a)).

programming, has become a minister with the intent to pursue his ministry upon his release, and has had no disciplinary action in the twelve years he has been in the custody of the Bureau of Prisons (Doc. 236 at 6, 236–1).

In its response, the Government did not challenge the new Guidelines range. The Government pointed to the PSR, which asserts that the investigation found that Blake sold large quantities of cocaine base to nine other distributors not indicted in the investigation. The Government used this information to call into question the one-and-a-half-kilogram drug quantity argument from Blake. The Government also argued that 420 months is still appropriate under an analysis of section 3553(a) factors, emphasizing his criminal history and danger to the community. The Government again pointed to the PSR, which states that one of Blake's distributors reported in his interview that Blake also directed him to commit violent crimes, including murders and home invasions. The Government further highlighted the testimony of a witness at trial who stated that Blake requested that he convey death threats to the mother of a cooperating co-conspirator. When Blake challenged this assertion in the PSR, probation provided information to the Court of a separate instance where Blake threatened a federal inmate by letter for his proffer in another case. Blake's criminal history reveals that he was convicted of aggravated criminal sexual abuse, the details of which involve Blake raping a nine-year-old boy when he was seventeen years old; resisting arrest; battery; and an assault.

While the Court commends Blake for his good behavior and steps to reform his life, he is hardly the poster child for the Fair Sentencing Act and its progeny, the First Step Act. According to the PSR, Blake was a decision-maker in a network that distributed

cocaine and cocaine base in Southern Illinois since 1990. More troubling to the Court is Blake's threatening behavior before and after trial, along with his criminal history of violent felonies.

Furthermore, even if the Court were to ignore this history and the sentencing District Judge's wisdom to dig deeper into the cocaine base convictions for resentencing, the determination of drug quantities for relevant conduct for Blake's Guidelines range is an issue that is difficult to resolve. The Seventh Circuit has called into question the original amount of thirteen kilograms used for calculation of his Guidelines range. The amount Blake encouraged the Court to use is equally flawed, holding out the one-and-a-half-kilogram threshold discussed by the Seventh Circuit as the correct quantity for relevant conduct purposes. That approach is based on a misreading of the Seventh Circuit's analysis in Blake's appeal and is of little use. Meanwhile, the Government stated that nine other distributors can account for well over one-and-a-half kilograms of relevant conduct without providing a more definitive figure. The Court does not find it sensible to step into the mire of drug quantities in this case, which has already proven to be a hazardous endeavor.

For these reasons, the Motion and Amended Motion to Reduce Sentence (Docs. 228, 236) pursuant to the First Step Act of 2018 are **DENIED**.[4] Blake's motion for status (Doc. 231), motion to remove and waiver of counsel and move forward *pro se* (Doc. 234), and motion to supplement pursuant to Section 404 of the First Step Act

---

[4] Because of the flurry of *pro se* filings by Blake, including his motion to remove counsel, the Court reviewed all of Blake's filings, not just his counsel's amended motion, in making its decision based on the merits in this case.

(Doc. 235) are **DENIED** as moot. A motion for summary judgment under Federal Rule of Civil Procedure 56 is not applicable in criminal cases; therefore, Blake's motion for summary judgment (Doc. 244) is **DENIED**. *See* FED. R. CIV. P. 1, 81.

**IT IS SO ORDERED.**

**DATED:   June 19, 2020**

*s/ Nancy J. Rosenstengel*
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**
