In the

# United States Court of Appeals

### For the Seventh Circuit

---

No. 20-2145

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

BYRON BLAKE,

*Defendant-Appellant.*

---

Appeal from the United States District Court
for the Southern District of Illinois.
No. 3:06-CR-30146-NJR-1 — **Nancy J. Rosenstengel**, *Chief Judge.*

---

SUBMITTED JANUARY 21, 2021 — DECIDED JANUARY 26, 2021

---

Before EASTERBROOK, KANNE, and HAMILTON, *Circuit Judges*.

EASTERBROOK, *Circuit Judge*. Byron Blake is serving a sentence of 420 months' imprisonment for cocaine offenses. The district court concluded that he is responsible for at least 13 kilograms of crack. Blake contended on appeal that this figure is too high. In affirming his sentence, we held that the dispute was not material under the statutes and guidelines then in force, because any amount over 1.5 kilos had the

same effect. *United States v. Blake*, No. 07-2704 (7th Cir. Aug. 8, 2008) (nonprecedential disposition). Five years later, the court rejected Blake's effort to set aside his sentence on collateral review under 28 U.S.C. §2255. *Blake v. United States*, 723 F.3d 870 (7th Cir. 2013).

Blake was sentenced before the Fair Sentencing Act of 2010 took effect, and he therefore did not benefit from the changes it made to the rules (both statutes and Sentencing Guidelines) for sentencing persons convicted of crack-cocaine offenses. *Dorsey v. United States*, 567 U.S. 260 (2012). But §404 of the First Step Act of 2018 makes the 2010 Act retroactively applicable to persons who would have been within its scope had they been sentenced after its effective date. Blake then asked the district court for a lower sentence. The district judge concluded, however, that Blake, who has a history of violence, does not deserve a benefit from the 2018 Act whether or not he is eligible for one. *United States v. Blake*, 2020 U.S. Dist. LEXIS 107708 (S.D. Ill. June 19, 2020).

We do not consider whether the district judge made a legal error or abused her discretion, because a preliminary procedural issue requires resolution. Blake's lawyer wants to withdraw, and Blake opposes that motion; he contends that we should compel counsel to continue the representation. This poses the question whether Blake has a right to the assistance of counsel at public expense. If not, there is no apparent ground for obliging a lawyer to carry on with an appeal he deems frivolous.

In seeking leave to withdraw, defense counsel filed a brief modeled on the procedure established by *Anders v. California*, 386 U.S. 738 (1967). The brief explains why counsel deems the appeal to be frivolous. But it does not rely on *An-*

Case 3:06-cr-30146-NJR   Document 257   Filed 01/26/21   Page 3 of 5   Page ID #850
Case: 20-2145    Document: 16    Filed: 01/26/2021    Pages: 5

No. 20-2145                                                         3

*ders*, recognizing that *Anders* does not apply. The Supreme Court devised the *Anders* procedure to reconcile competing rules: on the one hand, a person sentenced to prison has a constitutional right to the assistance of counsel on appeal (and at public expense, if indigent); on the other hand, every lawyer has an ethical obligation not to pursue frivolous litigation. An "*Anders* brief" laying out the arguments pro and con enables a court to decide whether the appeal really is frivolous. If so, it concludes the appeal; if there is a non-frivolous issue, however, the court requires the lawyer to continue representing the defendant, because the ethical obligation to avoid frivolous litigation drops out.

Once the direct appeal is over, however, the Constitution no longer requires the government to ensure that the defendant has a lawyer. So there is no constitutional right to counsel at public expense when asking the Supreme Court for a writ of certiorari. See *Ross v. Moffitt*, 417 U.S. 600 (1974). Nor is there a constitutional right to appointed counsel when pursuing a collateral attack under §2255. See *Lavin v. Rednour*, 641 F.3d 830, 833–34 (7th Cir. 2011). *Lavin* observes that courts may ask lawyers to represent prisoners, and many lawyers do so willingly, but it holds that a prisoner does not have a right to have a court *compel* a lawyer to represent him on collateral review.

The statute authorizing many retroactive adjustments, 18 U.S.C. §3582(c)(2), is not part of the process of conviction or direct appellate review, and a request for resentencing under that section does not entail the sort of procedure that is appropriate to an initial sentencing. See *Dillon v. United States*, 560 U.S. 817 (2010). We have accordingly held that the Constitution does not entitle a prisoner seeking a lower sentence

to the appointment of counsel at public expense. See, e.g., *United States v. Forman*, 553 F.3d 585, 590 (7th Cir. 2009) (citing cases). *United States v. Foster*, 706 F.3d 887 (7th Cir. 2013), adds that the Criminal Justice Act, 18 U.S.C. §3006A, also does not entitle a defendant to appointed counsel at public expense when seeking a lower sentence under §3582(c). See also *United States v. Webb*, 565 F.3d 789, 795 (11th Cir. 2009). District judges have discretion to recruit and sometimes appoint counsel for prisoners seeking post-judgment benefits, see *United States v. Guerrero*, 946 F.3d 983, 985 (7th Cir. 2020), but prisoners do not have a constitutional or statutory *entitlement* to appointed counsel.

Section 3582(c)(2) is not the only law permitting a district court to reduce sentences because of retroactive legal changes. Section 404(b) of the 2018 Act provides its own authority to do this:

> A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed.

See also *United States v. Sutton*, 962 F.3d 979 (7th Cir. 2020). But this does not imply a constitutional entitlement to appointed counsel, nor does the 2018 Act supply a statutory entitlement. An administrative order issued by the Southern District of Illinois (where Blake's litigation occurred) recognizes that he does not have an entitlement to counsel but observes that the Federal Defender has offered to supply representation as a service to both the judges and the prisoners. It is a lawyer from the Federal Defender who has represented

Case 3:06-cr-30146-NJR   Document 257   Filed 01/26/21   Page 5 of 5   Page ID #852
       Case: 20-2145      Document: 16           Filed: 01/26/2021      Pages: 5

No. 20-2145 5

Blake so far. Having opted in as a service, counsel has not locked the door behind himself.

It follows that we must deny Blake's request that his current lawyer be compelled to continue providing legal services. Counsel may or may not be right in thinking that Blake's appeal is frivolous, but he is entitled to withdraw his services to honor his ethical obligation not to pursue a claim that he honestly believes to be frivolous.

This conclusion does not end the appeal. Blake is entitled to represent himself or to seek the aid of a lawyer willing to provide it. This appeal has yet to be briefed. Blake has told us why (in his view) counsel should not be allowed to withdraw, but he has not had an opportunity to file a brief on the merits. And we have not heard from the United States.

This court therefore gives Blake 45 days (until March 12, 2021) to file an opening brief. The rest of the briefing schedule will follow the Federal Rules of Appellate Procedure. If within 30 days a lawyer files an appearance on Blake's behalf, we will entertain a motion from counsel to reset the briefing schedule.

Bottom line: Counsel's motion to withdraw is granted, but his proposal to dismiss the appeal (a la *Anders*) is denied, and a new briefing schedule is set.