IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>v.<br><br>BYRON BLAKE,<br><br>      Defendant. | Case No. 3:06-CR-30146-NJR-1 |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Before the Court is Defendant Byron Blake's motion for a reduced sentence under Part A of Amendment 821 to the United States Sentencing Guidelines ("U.S.S.G."). (Docs. 266, 270). Blake contends that his sentence should be reduced because he received two criminal history points at sentencing for committing the offense of conviction while under a criminal justice sentence. *Id.* The United States opposes Blake's motion, arguing that the reduction in criminal history points does not modify Blake's guideline range. (Doc. 272).

### BACKGROUND

Blake's sentence has been extensively litigated in this Court and in the United States Court of Appeals for the Seventh Circuit. The following procedural background is relevant to the pending motion.

On March 29, 2007, a jury found Blake guilty on three counts: conspiracy to distribute cocaine base (Count I); distribution of cocaine base (Count II); and distribution

of cocaine (Count III). (Docs. 116-118). At sentencing, the Court adopted the Presentence Investigation Report ("PSR") without change, which included a finding that Blake was responsible for "more than 13 kilograms of cocaine base in the form of crack." (Doc. 153 at 6). The total drug quantity was relevant for sentencing purposes because it was one of the factors affecting Blake's base offense level. *See* U.S.S.G. § 2D1.1(c). Although Blake's guideline range was life in prison, Judge G. Patrick Murphy sentenced him to a term of 420 months in prison on Counts I and II, and a concurrent term of 360 months on Count III. (Doc. 156).

On direct appeal, the Seventh Circuit disagreed with the PSR's calculation of the relevant drug quantity assigned to Blake because it was based on ambiguous testimony from Ryan Ivory, a cooperating witness. (Doc. 181 at 4). Ivory testified that Blake had supplied him with 4.5 ounces of crack "on a weekly basis" beginning "about two years ago." *Id.* at 5, 6. The PSR and the Court interpreted Ivory's testimony to mean that "Blake had provided Ivory with 4.5 ounces of crack every week for two years," thus generating a total quantity of 468 ounces (approximately 13 kilograms). *Id.* at 6. But Ivory's testimony that he had received weekly deliveries of 4.5 ounces from Blake for "about two years" at the time of trial could not have added up to a full two-year arrangement because the trial occurred in March 2007, and Ivory was arrested in October 2006. *Id.* Thus, the Seventh Circuit observed that Ivory's testimony supported only a 19-month long relationship, rather than 24 months, which would result in a total quantity of only 370 ounces or about 10.5 kilograms. *Id.* The Seventh Circuit ultimately deemed this discrepancy harmless because it did not affect Blake's offense level or his guideline range at the time. *Id.*

Accordingly, the Seventh Circuit affirmed Blake's 420-month sentence. *Id.* at 7.

On March 16, 2022, this Court reduced Blake's sentence to 360 months. (Doc. 260). The Court found that under the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, § 404(a) (2018), Blake's amended guideline range was 360 months to life and determined that a sentence at the low end of this range was appropriate. *Id.* The Court also found that "Blake was responsible for more than 2.8 kilograms of crack cocaine," and thus subject to a base offense level of 34 or 36. *Id.* But critically, the Court did *not* decide "whether the amount of relevant conduct *exceeded 8.4 kg* — thus triggering a base offense level of 36 instead of 34" because that distinction would have had no effect on Blake's applicable guideline range at the time. *Id.* (emphasis added).

Now, Blake requests a further reduction in his sentence under Amendment 821. (Doc. 270). Blake argues that Amendment 821 reduces his Guideline range to 324 to 405 months. The United States takes the position that Blake's Guideline range is unaffected by Amendment 821.

## Discussion

In Part A of Amendment 821, the Sentencing Commission altered the "status points" provision regarding criminal history, which now appears in U.S.S.G. § 4A1.1(e). Under the amended provision, a defendant who has seven or more criminal history points and who committed the offense of conviction while under any criminal justice sentence receives one status point. A defendant who has six or fewer criminal history points and who committed the offense of conviction while under any criminal justice sentence receives no status points. These changes apply retroactively. *See* U.S.S.G.

§ 1B1.10(e)(2).

Here, Blake was sentenced to a term of 420 months in July 2007, before Amendment 821 went into effect. (Doc. 53). Because he committed the instant offense while serving a term of probation, Blake received two status points under section 4A1.1(d), as was required at the time. (Doc. 153 at ¶ 53). Amendment 821 reduces this enhancement from two status points to zero. *See* U.S.S.G. § 4A1.1(e). Blake's criminal history category of III is thus reduced to II.

With this reduction, Blake's relevant conduct based on the drug quantity attributed to him moves back into focus. If the evidence supports a finding that Blake is responsible for more than 8.4 kilograms but less than 25.2 kilograms, his base offense level would be 36. *See* U.S.S.G. § 2D1.1(c)(2). But if Blake is only responsible for more than 2.8 kilograms but less than 8.4 kilograms, then his base offense level is 34. *Id.* § 2D1.1(c)(3). And because Blake's offense level was enhanced by six levels for his leadership role in a criminal enterprise (4 points) and obstruction of justice (2 points)—neither of which is disputed here—a base offense level of 34 would result in a guideline range of 324 months to 405 months, whereas a base offense level 36 would yield a guideline range of 360 months to life in prison. *See* U.S.S.G. Ch. 5, Pt. A, Sentencing Table. Stated differently, if the evidence supports a drug quantity of more than 8.4 kilograms but less than 25.2 kilograms, then Blake's guideline range would remain unchanged.

District courts have "leeway to extrapolate quantities from witnesses' statements of minimum sales over several occasions." *United States v. Noble*, 299 F.3d 907, 911 (7th Cir. 2002). Having reviewed Ivory's trial testimony and other relevant parts of the record,

the Court finds that the relevant quantity of cocaine base attributable to Blake for sentencing purposes is approximately 10.5 kilograms. This finding is based on a plain reading of Ivory's trial testimony that Blake supplied him with 4.5 ounces of crack "on a weekly basis" beginning around two years before trial until his arrest in October 2006. This finding is consistent with the Seventh Circuit's commentary on the issue, which, of course, carries significant weight. And although Blake maintains that the relevant quantity is "at least 2.8 KG but less than 8.4 KG of cocaine base," his motion cites no trial testimony or other relevant evidence that supports such a finding. Thus, without an evidentiary basis for Blake's position, the Court rejects his conclusory argument.

Having determined that Blake is responsible for at least 10.5 kilograms of cocaine base, his base offense level is 36. His total offense level is 42. And with Blake's modified criminal history category of II, his Guideline range is 360 months to life in prison. Thus, there is no modification to the applicable guideline range, and no basis to reduce his sentence of 360 months.

For these reasons, Blake's motion for a sentence reduction under Amendment 821 (Docs. 266, 270) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:** October 31, 2024

*Nancy J. Rosenstengel*

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**